Cheryl Johnson-Hartwell (SBN 221063)
E-mail:  cjohnson-hartwell@bwslaw.com
Susan V. Arduengo (SBN 293946)
E-mail: sarduengo@bwslaw.com
Stephanie A. Quartararo (SBN 317976)
E-mail:  squartararo@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600      Fax:  213.236.2700

Attorneys for Defendants WALMART INC.
and HAYNEEDLE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA LAHHAM, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>HAYNEEDLE, INC., a Delaware Corporation; WALMART, INC., a Delaware Corporation; and DOES 1 through 60, inclusive,<br><br>        Defendants. | Case No.<br><br>**DEFENDANT HAYNEEDLE, INC. AND WALMART INC.'S NOTICE OF REMOVAL TO FEDERAL COURT [28 U.S.C. §§ 1332, 1441, 1446]**<br><br>[Concurrently filed with Declaration of Susan V. Arduengo; Request for Judicial Notice; Civil Cover Sheet; Notice of Interested Parties; and Disclosure Statement] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants HAYNEEDLE, INC. ("Hayneedle") and  WALMART INC. ("Walmart") (collectively "Defendants") hereby remove the state action described herein, filed in the Superior Court of the State of California, County of Riverside, to the United States District Court for the

- 1 -

Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This case is being removed upon grounds of complete diversity of citizenship as follows.

## I.      PROCEDURAL HISTORY

1.      On February 16, 2021, an action was commenced in the Superior Court of the State of California, County of Riverside, entitled *Isabella Lahham, Plaintiff vs. Hayneedle, Inc., a Delaware Corporation; WALMART, INC., a Delaware Corporation, and DOES 1 THROUGH 60, inclusive, Defendants*, and docketed as Case No. CVRI2101050. (Arduengo Decl., at ¶2.)

2.      Defendants deny that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendants do not waive any defenses that may otherwise be available. Plaintiff's Complaint pleads claims for: (1) Discrimination in Violation of the FEHA; (2) Failure to Engage in the Interactive Process in Violation of the FEHA; (3) Failure to Accommodate Disability in Violation of the FEHA; (4) Failure to Take All Reasonable Steps to Prevent Harassment, Discrimination, and Retaliation in Violation of the FEHA; (5) Retaliation in Violation of the FEHA; (6) Interference with Leave in Violation of CFRA/FMLA; (7) Wrongful Termination in Violation of Public Policy; and (8) Waiting Time Violations in Violation of Labor Code sections 201-203.

3.      On March 8, 2021, copies of the Summons & Complaint and Certificate of Counsel were served on Defendants. On March 16, 2021, the Notice of Case Management Conference and Notice of Department Assignment were served on Defendants.  True and correct copies of these documents are attached to the concurrently filed Arduengo Declaration as Exhibit "A" pursuant to 28 U.S.C. § 1446(a). (Arduengo Decl., at ¶3.)

4.      On April 1, 2021, Defendants filed their Answer to Plaintiff's Complaint. A true and correct copy of Defendants' Answer to Plaintiff's Complaint is attached to the concurrently filed Arduengo Declaration as Exhibit "B" pursuant to 28 U.S.C. § 1446(a). (Arduengo Decl., at ¶4.)

5.      Pursuant to 28 U.S.C. § 1446(a), Exhibits "A" and "B" attached to the concurrently filed Arduengo Declaration constitute all process, pleadings, and orders served upon or filed by Defendants. (Arduengo Decl., at ¶5.)

**II.     TIMELINESS OF REMOVAL**

6.      This Notice of Removal is timely in that it is filed within thirty (30) days from March 8, 2021, the date Defendants were served with the Summons and Complaint. (28 U.S.C. § 1446(b)(1).)

**III.    BASIS FOR REMOVAL**

7.      This Court has original jurisdiction over this civil suit under 28 U.S.C. § 1332(a), and it may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.      Diversity of Citizenship**

8.      For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected."  (*Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).)

9.      Plaintiff is a resident of California. (Complaint, ["Complaint"], ¶1.)

10.     A corporation is deemed a citizen of the state in which it has been incorporated and has its principal place of business. (28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1183-84 (2010).) In practice, this location will be "where the corporation maintains its headquarters." (*Id*.)

11.     In 2016, Defendant Walmart Inc. acquired Defendant Hayneedle, Inc. Jet.com owns 100% of Hayneedle and Walmart Inc. owns 100% of Jet.com. Hayneedle is still a separate operating entity.

12.      At the time the Complaint was filed and at the time of this Notice, Walmart was and is a corporation incorporated under the laws of the State of Delaware. (Arduengo Decl., ¶6, Exhibit "C" and Request for Judicial Notice). At

the time the Complaint was filed and at the time of this Notice, the executive offices and corporate headquarters for Walmart were and are located in the State of Arkansas. (*Id.*)

13.     Walmart is not a citizen of the State in which this action is pending and is a citizen of a different State than Plaintiff.

14.     At the time the Complaint was filed and at the time of this Notice, Hayneedle was and is a corporation incorporated under the laws of the State of Delaware. (Arduengo Decl., ¶7, Exhibit "D" and Request for Judicial Notice). At the time the Complaint was filed and at the time of this Notice, the executive offices and corporate headquarters for Hayneedle were and are located in the State of Nebraska. (*Id.*)

15.     Hayneedle is not a citizen of the State in which this action is pending and is a citizen of a different State than Plaintiff.

16.     There are no other identified defendants. Defendants designated as DOES 1 through 60 are fictitious defendants, not parties to this action, have not been named or served, and need not consent to removal. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. (*See* 28 U.S.C. § 1441(a); *McCabe v. General Foods Corporation*, 811 F.2d 1336, 1339 (9th Cir. 1987).)

**B.     Amount in Controversy**

17.     District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. (28 U.S.C. § 1332(a).) "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory amount]." (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).) The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy

exceeds that amount. (*Id*.)

18. To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount is satisfied. (*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).) In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).)

19. When determining whether the removing defendant has met this burden, the court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal…[c]onclusory allegations as to the amount in controversy are insufficient." (*Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090-91 (9th Cir. 2003) (citation and quotation marks omitted). *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").) Additionally, the removing defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." (*Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1198 (9th Cir. 2015).)

20. Here, Plaintiff claims that Defendants discriminated against her because of her disability, that Defendants retaliated against her for being disabled, failed to accommodate her disability, failed to engage in the interactive process, failed to prevent discrimination and retaliation against her, interfered with her leave rights under the CFRA/FMLA, wrongfully terminated her, and violated Labor Code section 201-203. (Complaint, ¶¶20 to 102.) Plaintiff alleges that she has "sustained, and continues to sustain, economic damages in earnings and other employment benefits." (Complaint, ¶¶28, 39, 49, 59, 69, 81.) Plaintiff alleges that she is entitled

to wage continuance and penalties under the Labor Code.  (Complaint, ¶¶100, 101.) Plaintiff also contends that she has "sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation." (Complaint, ¶¶29, 40, 50, 60, 70, 82.) Plaintiff also seeks attorney's fees and costs. (Complaint, ¶¶33, 44, 54, 64, 73, 86, 95, 102, Prayer for Relief.) Finally, Plaintiff seeks punitive damages. (Complaint, ¶¶32, 43, 53, 63, 72, 85, 94, Prayer for Relief.)

### 1.   *Past and Future Lost Wages*

21.    The Complaint alleges Plaintiff is seeking "economic damages in earnings and other employment benefits." (Complaint, ¶28.) Plaintiff alleges she was hired by Hayneedle in January 2015. (Complaint, ¶11.) She alleges that she was terminated on April 3, 2019. (Complaint, ¶17.) Plaintiff was a salaried exempt employee, earning $55,535.22 annually or $2,135.97 bi-weekly as of April 3, 2019. (Arduengo Decl., ¶8, Exhibit "E".) Between the alleged termination date and the date of this Notice, there have been approximately 53 pay periods for which Plaintiff may claim lost pay. The amount of lost wages since Plaintiff's alleged termination equals $113,206.41 ($2,135.97 per pay period x 53 pay periods).

22.    In the event Plaintiff is successful in her claims, she could also recover front pay for a period of time into the future. (*See Traxler v. Multnomath County*, 596 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four (4) years of front pay in a wrongful termination suit); *Ackerman v. Western Elec. Co., Inc.,* 643 F. Supp. 836, 856 (N.D. Cal. 1986) (finding three (3) years of front pay appropriate in a discrimination case); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (awarding four (4) years of front pay from the date of termination); *Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1987) (upholding award of front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four (4) years from date of termination).) Even conservatively

estimating that Plaintiff seeks front pay benefits for only the next two years, without factoring in any raises or pay increases, the amount of future wages in controversy in this case would amount to $113,206.41 ($2,135.97 per pay period x 53 pay periods).  Combined, lost wages as of April 8, 2021, and front wages for two (2) years total <u>$226,412.82</u> ($113,206.41 current lost wages + $113,206.41 two (2) years front pay).

### 2.   *Punitive Damages*

23.    Plaintiff is seeking punitive damages. (Complaint, ¶¶32, 43, 53, 63, 72, 85, 94, Prayer for Relief.) Punitive damages are to be included in the amount in controversy analysis when they are sought in the operative complaint. (*Haldiman v. Cont'l Cas. Co.*, 666 Fed. Appx. 612, 613-14 (9th Cir. 2016).) "It is well established that punitive damages are part of the amount in controversy in a civil action." (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).) Punitive damages are available in FEHA cases. (*See e.g.*, *Roby v. McKesson Corp.*, 47 Cal.4th 686, 693 (2009).)

24.    Punitive or exemplary damages are intended to punish and are often based upon a defendant's net worth. The wealthier the defendant, the larger the award of exemplary damages needs to be in order to accomplish the statutory objective. (*Bertero v. National General Corp.*, 13 Cal.3d 43, 65 (1974); *Weeks, supra*, 63 Cal.App.4th at 1166; *Downey Savings & Loan Assn. v. Ohio Casualty Ins. Co.*, 189 Cal.App.3d 1072, 1099-1100 (1987).) Walmart Inc. is a publicly traded corporation that frequently tops the list of the Fortune 100 companies. (*See* http://fortune.com/fortune500/).

25.    If the jury were to somehow find grounds for punitive damages against Walmart, it is more likely than not that the punitive damages award would greatly exceed $75,000 on its own. (*Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in employment discrimination cases in which

the punitive damages awards ranged from $60,000 to $121,000,000).)

26.   In other FEHA cases, plaintiffs have been awarded well in excess of $75,000 in punitive damages alone. In *Wood v. Greystar Management Services L.P.*, JVR No. 1907020005 (Cal. Super. Apr. 11, 2019), the jury awarded $600,000 in punitive damages to an employee who sued for wrongful termination, disability discrimination, failure to provide accommodations, failure to engage in the interactive process and failure to take reasonable steps to prevent discrimination. Similarly, in *Abarca v. Citizens of Humanity L.L.C.*, JVR No. 1706290050 (Cal. Super. Mar. 9, 2017) (Verdict and Settlement Summary), a plaintiff claiming disability discrimination, retaliation, failure to prevent discrimination or retaliation, and wrongful termination was awarded $550,000 in punitive damages. Thus, punitive damages in discrimination cases often exceed the jurisdictional minimum.

### 3.   *Emotional Distress*

27.   Plaintiff is seeking to recover emotional distress damages. (Complaint, ¶¶29, 40, 50, 60, 70, 82.) Plaintiff has not pled the emotional distress damages she seeks, but case law shows it is safe to assume the amount will exceed the jurisdictional minimum of $75,000. (*See Young v. Los Angeles Community College Dist.*, Los Angeles Super. Ct. Case No. BC396785, 2011 WL 6305043 (February 17, 2011) (plaintiff awarded $150,000 for emotional damages); *Campbell v. National Passenger Railroad Corporation¸* 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a wrongful termination case); *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005) (finding no clear error in district court's conclusion that emotional distress damages in FEHA action could add at least an additional $25,000 to plaintiff's claim); *Ismen v. Beverly Hosp*., No. BC366198 (L.A. Super. Ct. Aug. 13, 2008) (awarding $113,100 in emotional distress damages); *Kolas v. Access Bus. Grp. LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (awarding plaintiff $200,000 in emotional distress damages); *Plata v. Target Corp.*, 2016 WL 6237798, *3 (C.D. Cal. Oct. 25,

2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).) Additionally, emotional distress damages awards have been substantial in cases involving alleged discrimination. For example, in *Chan v. County of Los Angeles*, a jury awarded $1,100,000 in emotional distress damages to an employee who was not provided reasonable accommodations for his disability. 31 Trials Digest 3d 72 (Cal. Super. Apr. 26, 2000) (Verdict and Settlement Summary).

### 4.   *Attorneys' Fees*

28.   Plaintiff is seeking attorneys' fees. (Complaint, ¶¶ 19, 26, 33, 40, 48, 54, Prayer for Relief.) In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).) Because attorneys' fees are recoverable to the prevailing party under Plaintiff's FEHA claim, the Court may consider the fees arising from time spent on Plaintiff's entire complaint in its computation of the jurisdictional amount in controversy. (*See* Cal. Govt. Code § 12965; *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).)

29.   Defendants do not concede Plaintiff's claims have any merit, and provide the foregoing calculations and damage analysis only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §s 1332(a) and 1441(a).

## IV.   VENUE

30.     Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. (28 U.S.C. § 1441(a).)

## V.     NOTICE TO STATE COURT AND PLAINTIFF

31.     Promptly after filing this Notice of Removal with this Court, Defendants will give notice to Plaintiff's counsel and file a copy with the Clerk of the Riverside County Superior Court, as required by 28 U.S.C. § 1446(d).

## VI.     CONCLUSION

32.     Defendants therefore remove the civil action filed in the California Superior Court, County of Riverside, to the United States District Court for the Central District of California.

Dated:  April 7, 2021

BURKE, WILLIAMS & SORENSEN, LLP

By:/s/ Stephanie A. Quartararo
Cheryl Johnson-Hartwell
Susan V. Arduengo
Stephanie A. Quartararo
Attorneys for Defendants
WALMART INC. and
HAYNEEDLE, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare as follows:

     1.    I am over the age of 18 and not a party to the within action.

     2.    My business address1851 East First Street, Suite 1550 Santa Ana, California  92705-4067, which is located in the city, county and state where the mailing described below took place.

     3.    On **April 7, 2021**, I caused to have deposited by United States Mail at Santa Ana, California in Orange County, a copy of the following document(s):

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**

     4.    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange County, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

     5.    These documents were addressed to the following parties:

| | |
|---|---|
| Douglas N. Silverstein<br>Michael G. Jacob<br>Kesluk, Silverstein, Jacob &<br>Morrison, P.C.<br>9255 Sunset Blvd., Ste. 411<br>Los Angeles, CA  90069-3309<br>Tel: (310) 273-3180<br>Fax: (310) 273-6137 | Attorneys for Plaintiff<br>ISABELLA LAHHAM<br><br>Email:<br>dsilverstein@californialaborlawattorney.com<br>mjacob@californialaborlawattorney.com |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April __7__, 2021, at Los Angeles, California.

_____Bernadette C. Antle_____    By:_/s/ Bernadette C.Antle_____

        Print Name                        Signature