Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com

**FILED**
Superior Court of California
County of Riverside
**2/16/2021**
**D. Brown**
Electronically Filed

Attorneys for Plaintiff ISABELLA LAHHAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE

ISABELLA LAHHAM, an individual,

Plaintiff,

v.

HAYNEEDLE, INC., a Delaware
Corporation; WALMART, INC., a
Delaware Corporation; and DOES 1
through 60; inclusive,

Defendants.

CASE NO. ___**CVRI2101050**___

**PLAINTIFF'S COMPLAINT FOR
DAMAGES**

1. **Discrimination in Violation of FEHA;**
2. **Failure to Engage in the Interactive
   Process in Violation of FEHA;**
3. **Failure to Accommodate Disability in
   Violation of FEHA;**
4. **Failure to Take All Reasonable Steps to
   Prevent Harassment, Discrimination
   and Retaliation;**
5. **Retaliation in Violation of FEHA;**
6. **Interference With Leave in Violation of
   CFRA/FMLA;**
7. **Wrongful Termination in Violation of
   Public Policy; and**
8. **Waiting Time Violation of Labor Code
   Sections §§ 201-203.**

**PUNITIVE DAMAGES**

**DEMAND FOR JURY TRIAL**

**UNLIMITED JURISDICTION**

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

1

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff ISABELLA LAHHAM ("Ms. Lahham" or "Plaintiff") alleges as follows:

1.      Plaintiff ISABELLA LAHHAM is, and at all material times was, an individual residing in the County of Riverside, State of California.

2.      Defendant WALMART, INC. ("Wal-Mart" or, collectively with all defendants, "Defendants") is, and at all times relevant to the Complaint was, a Delaware corporation doing business in Riverside and Los Angeles County, California.

3.      Defendant HAYNEEDLE, INC. ("Hayneedle") or, collectively with all defendants, "Defendants") is, and at all times relevant to the Complaint was, a Delaware corporation doing business in Riverside and Los Angeles County California.

4.      Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 60, inclusive.  Thus, Plaintiff sues these Defendants under fictitious names.  When their true names and capacities have been ascertained, Plaintiff will amend this Complaint.  Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.  Reference to "Defendants" includes the named Defendant and the DOE Defendants.

5.      Plaintiff is informed and believes and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment. Plaintiff is informed and believes and based thereon alleges, that at all times herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

6.      Plaintiff is informed and believes and based thereon alleges, at all times herein mentioned, Defendant DOES 1 through 60, inclusive, were the agents, servants, partners,

Keslik, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

PLAINTIFF'S COMPLAINT FOR DAMAGES

employees, alter egos and/or joint venturers of their co-Defendants, and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of their authority as agents, servants, employees, partners and/or joint-venturers with the permission, consent and approval, or subsequent ratification of their co-Defendants. Reference to "Defendants" shall include the named Defendants and DOE Defendants.

7.     Plaintiff is further informed and believes, and on that basis alleges, that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants.

8.     Plaintiff is further informed and believes, and on that basis alleges, that Defendant and DOE Defendants failed to adhere to corporate and legal formalities. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency, branch, department, member, successor, parent, subsidiary or the like of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

9.     Plaintiff is informed and believes and based thereon alleges, that at all times herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

10.    Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice as to Defendants. All conditions precedent (exhaustion of administrative remedies) to jurisdiction, have been complied with.

///

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 41
Los Angeles, CA 90069
Tel: (310) 273-3180

3
PLAINTIFF'S COMPLAINT FOR DAMAGES

**GENERAL ALLEGATIONS**

11.	Ms. Isabella Lahham began working with Hayneedle in approximately January 2015. Hayneedle was later acquired by Wal-Mart Stores, Inc. (the entities are collectively referred to as Defendants).  Hayneedle represents itself to be a "a thriving member of the Walmart ecommerce family and a premier online destination for home furnishings and décor."

12.	During her employment, Ms. Lahham informed Defendants that she was limited as a result of disability in January 2019, for which she missed work and sought medical treatment, including going to the hospital.

13.	She additionally informed Defendants that she cared for her disabled father and needed intermittent leave, including to care for her father's serious health condition.

14.	Ms. Lahham went through the process of requesting CFRA/FMLA leave, with the leave beginning on or about January 31, 2019.

15.	Defendants' Operations Manager Michael Conn was bothered by Ms. Lahham's requests for FMLA leave and interfered with her leave entitlement, including confronting Ms. Lahham and accusing Ms. Lahham of "trying to retaliate" against him by filing FMLA.  Ms. Lahham complained to senior management at Hayneedle and Wal-Mart about the harassment and discrimination.

16.	In response, Defendants failed to take all reasonable steps to prevent harassment, discrimination and retaliation from occurring against Ms. Lahham.

17.	On account of her protected conduct, Defendants and Mr. Conn subjected Ms. Lahham to increased scrutiny and terminated Ms. Lahham on April 3, 2019 for a pretextual reason.

18.	Defendants failed to timely pay Ms. Lahham all wages owed at the time of termination.

19.	On April 10, 2019, Orly Ronan (HR Director) sent a letter to Ms. Lahham indicating that a "thorough review" was completed to ensure the decision was "aligned with company's culture and policies."  Plaintiff is informed and believes that Ms. Sheila Danels participated in the

Keshk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

investigation.

### **FIRST CAUSE OF ACTION**

### **DISCRIMINATION IN VIOLATION OF FEHA**

### **(Against Defendants and DOES 1-60, inclusive)**

20.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

21.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to refrain from discriminating against Plaintiff on the basis of her disability and/or her association with persons with a disability. Defendants nonetheless discriminated against Plaintiff due to disability and her association with her disabled father.

22.     At relevant times, due to her disability, Plaintiff was limited in the major life activities, including working.  Nevertheless, Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.  As such, Plaintiff was a qualified disabled person within the meaning of FEHA.

23.     Defendants, and each of them, were aware of Plaintiff's disability as set forth above, because Plaintiff had informed Defendants of her disability and limitations, and requested accommodation, including leave.

24.     Defendants perceived and regarded Plaintiff as having a disability.

25.     At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability and/or her association with her father, have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

///

Keslik, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

26.     Defendants subjected Plaintiff to adverse employment action and/or terminated Plaintiff because of disability and because of Plaintiff's need for accommodation, among other unlawful reasons.

27.     By engaging in the above-referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because disability in violation of *Government Code* §§ 12940 *et seq.*

28.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

29.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

30.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

31.     The acts and conduct of Defendants, and each of them, including, but not limited to Michael Conn, Orly Ronan, Dave Woods and Sheila Danels constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

32.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

6

PLAINTIFF'S COMPLAINT FOR DAMAGES

33.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

## SECOND CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

### (Against Defendants and DOES 1-60, inclusive)

34.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

35.     Pursuant to California *Government Code* § 12940(n), Defendants, and each of them, were required to engage with Plaintiff in a good faith interactive process to determine the extent of disability and how it could be reasonably accommodated.

36.     Plaintiff was at all times ready and willing to engage in the good faith interactive mandated by California *Government Code* § 12940(n).  However, Defendants, and each of them, failed to engage in said good faith interactive process with Plaintiff as described above.

37.     Defendants subjected Plaintiff to adverse employment action, and/or terminated Plaintiff as a direct result of Defendant's failure to engage in any good faith interactive process, among other unlawful reasons.

38.     By engaging in the above-referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of disability in violation of *Government Code* § 12940 *et seq.*

39.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

40.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

///

Keslik, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

7

41.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

42.     The acts and conduct of Defendants, and each of them, including, but not limited to Michael Conn, Orly Ronan, Dave Woods and Sheila Danels constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

43.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

44.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

## THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

### (Against Defendants and DOES 1-60, inclusive)

45.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

46.     Pursuant to California *Government Code* §§ 12940(m) and 12945(c), Defendants, and each of them, were required to reasonably accommodate Plaintiff's disability.  Instead of reasonably accommodating Plaintiff, Defendants subjected Plaintiff to adverse employment action

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 41
Los Angeles, CA 90069
Tel: (310) 273-3180

1   and terminated Plaintiff for no legitimate reason.

2        47.    By engaging in the above- referenced acts and omissions, Defendants, and each of

3   them, failed to accommodate Plaintiff's disability.

4        48.    Defendants subjected Plaintiff to adverse employment action and/or terminated

5   Plaintiff as a direct result of Defendants' failure to accommodate Plaintiff's known disability and/or

6   her requests for accommodation, including to take leave and/or care for her father, and other

7   unlawful reasons.

8        49.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

9   continues to sustain economic damages in earnings and other employment benefits in an amount

10   according to proof.

11        50.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

12   continues to sustain non-economic damages and emotional distress, including, but not limited to,

13   loss of sleep, anxiety, tension, depression, and humiliation.

14        51.    Plaintiff has sustained general and special damages within the jurisdictional limits

15   of this Court.

16        52.    The acts and conduct of Defendants, and each of them, including, but not limited to

17   Michael Conn, Orly Ronan, Dave Woods and Sheila Danels constituted "malice," "oppression"

18   and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was

19   intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct

20   which was carried out by the Defendants, and each of them, with a willful and conscious disregard

21   of the rights of Plaintiff.

22        53.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

23   oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

24   act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

25   directors, or managing agents of the corporation. The actions and conduct of Defendants, and each

26   of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

27   material facts known to Defendants, and each of them, with the intention on the Defendants' part

28   to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

Keslik, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

9

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    damages in an amount according to proof.

2          54.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

3

4                          **FOURTH CAUSE OF ACTION**

5                    **FAILURE TO TAKE ALL REASONABLE STEPS**

6    **TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA**

7                    **(Against Defendants and DOES 1-60, inclusive)**

8          55.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

9    the allegations contained in this Complaint, and incorporates them by reference into this cause of

10   action as though fully set forth herein, excepting those allegations which are inconsistent with this

11   cause of action.

12         56.    At all times mentioned in this Complaint, the California Fair Employment and

13   Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was

14   binding on Defendants, and each of them.  These sections required Defendants, and each of them,

15   to take all reasonable steps to maintain a workplace environment free from unlawful discrimination

16   and retaliation.

17         57.    Defendants, and each of them, harassed, created a hostile environment on account

18   and discriminated against and retaliated against Plaintiff because of Plaintiff's disability, because

19   Plaintiff requested reasonable accommodation and protected leave and took protected leave, as well

20   as her association with her disabled father by subjecting Plaintiff to adverse employment action,

21   and/or terminating Plaintiff

22         58.    By engaging in the above-referenced acts and omissions, Defendants, and each of

23   them, failed to take all reasonable steps maintain a workplace environment free from unlawful

24   harassment, discrimination and retaliation in violation of *Government Code* § 12940 *et seq.*

25         59.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

26   continues to sustain economic damages in earnings and other employment benefits in an amount

27   according to proof.

28   ///

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

10

PLAINTIFF'S COMPLAINT FOR DAMAGES

60.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

61.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

62.     The acts and conduct of Defendants, and each of them, including, but not limited to Michael Conn, Orly Ronan, Dave Woods and Sheila Danels constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

63.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

64.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

### (Against Defendants and DOES 1-60, inclusive)

65.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

Keshk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

11

PLAINTIFF'S COMPLAINT FOR DAMAGES

66.    Defendants, and each of them, including their agents, employees and representatives, are subject to suit under Sections 12940, *et seq.*, of the California Fair Employment and Housing Act ("FEHA").

67.    Plaintiff took part in the protected activities of objecting and/or refusing to participate in conduct she believed to be discriminatory, complaining about and/or opposing what she reasonably believed to be discrimination and requesting accommodation and taking protected leave as herein alleged. In retaliation therefore, Defendants subjected Plaintiff to adverse employment action and/or terminated her.

68.    In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled and/or coerced unlawful employment practices in violation of well-known policies of this State against such practices.  Specifically, Defendants, and each of them, violated Sections 12940(h) and 12945 of the FEHA.

69.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

70.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

71.    The acts and conduct of Defendants, and each of them, including, but not limited to Michael Conn, Orly Ronan, Dave Woods and Sheila Danels constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

72.    The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each

PLAINTIFF'S COMPLAINT FOR DAMAGES

Keslik, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

1  of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

2  material facts known to Defendants, and each of them, with the intention on the Defendants' part

3  to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

4  damages in an amount according to proof.

5      73.    Plaintiff will also seek and is entitled to recover attorneys' fees in connection with

6  this cause of action under *Government Code* § 12965.

7

8  ## SIXTH CAUSE OF ACTION

9  ### INTERFERENCE WITH LEAVE

10  ### IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT/FAMILY MEDICAL

11  ### LEAVE ACT

12  **(Against Defendants and DOES 1-60, inclusive)**

13      74.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

14  the allegations contained in this Complaint, and incorporates them by reference into this cause of

15  action as though fully set forth herein, excepting those allegations which are inconsistent with this

16  cause of action.

17      75.    Plaintiff was an employee of Defendants who qualified for leave pursuant to

18  California *Government Code* § 12945.2, *et seq*. and/or the Family Medical Leave Act.

19      76.    At all times herein mentioned, Defendants were "Employer[s]" within the definition

20  of *Government Code* § 12945.2, in that Defendants regularly employed 50 or more people.

21      77.    Plaintiff needed time off to care for father due to a serious health condition. Plaintiff

22  additionally suffered from a serious health condition and took leave for her own condition.   In

23  doing so, Plaintiff was qualified for protected leave under California Family Rights Act/Family

24  Medical Leave Act.

25      78.    Defendants willfully interfered with Plaintiff's entitlement to leave, discouraged her

26  from pursuing her leave rights, and retaliated against her in violation of CFRA and FMLA.

27      79.    Defendants, and each of them, willfully failed to adhere to their duties to provide

28  Notice in accordance with the regulations governing the California Family Rights Act/Family

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

13

Medical Leave Act.

80.     Defendants are estopped from asserting that Plaintiff was not entitled to leave as a result of their acts and omissions.

81.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

82.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

83.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

84.     The acts and conduct of Defendants, and each of them, including, but not limited to Michael Conn, Orly Ronan, Dave Woods and Sheila Danels constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

85.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

86.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

///

///

Keslik, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

14
PLAINTIFF'S COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendants and DOES 1-60, inclusive)

87.     As a separate and distinct cause of action, Plaintiff, complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

88.     Defendant subjected Plaintiff to adverse employment action and/or terminated Plaintiff in substantial part in violation of the aforementioned statutes under the FEHA and for the above-described complaints.

89.     Defendants retaliated against Plaintiff because Plaintiff exercised rights, objected to, raised concerns about and refused to participate in activities that resulted in violations of the Fair Employment and Housing Act.   Such termination constitutes unlawful and wrongful termination in violation of public policy.

90.     Defendants' wrongful termination of Plaintiff as described above occurred in violation of fundamental public policies of the State of California, including but not limited to the right to not be discriminated against, reporting, raising concerns, objecting to and refusing to participate in unlawful retaliation.   Such public policies are reflected in the Labor Code and *Government Code* §§ 12900, *et seq.*

91.     These public policies inure to the benefit of the public, not just the private interests of the employer and employee, because all individuals within the State are afforded these rights.

92.     The termination of Plaintiff, as herein alleged, violated one or more of the above set forth public policies.

93.     The acts and conduct of Defendants, and each of them, including, but not limited to Michael Conn, Orly Ronan, Dave Woods and Sheila Danels constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard

15
PLAINTIFF'S COMPLAINT FOR DAMAGES

of the rights of Plaintiff.

94.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

95.     Plaintiff is entitled to attorneys' fees pursuant to California *Code of Civil Procedure* §1021.5 and *Government Code* § 12965.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 201-203

### (AGAINST DEFENDANTS, AND EACH OF THEM, AND DOES 1-60)

96.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

97.     Labor Code § 200 defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Labor Code § 200 also defines "labor" as "labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment." The amounts due to Plaintiff as described above constitute "wages" as that term is defined under the Labor Code.

98.     Labor Code § 203 provides that if an employer fails to pay, without abatement or reduction, any wages of an employee who is discharged, the wages of the employee shall continue

PLAINTIFF'S COMPLAINT FOR DAMAGES

Keshk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

1  from the due date thereof at the same rate until paid; but these wages shall not continue for more

2  than thirty (30) days.

3         99.    Defendants failed to pay Plaintiff all wages due to her at the time of discharge.

4        100.   The Defendants' wrongful failure to pay wages, as alleged above, including, but not

5  limited to, the wages earned and unpaid at the time Defendants discharged Plaintiff, entitle Plaintiff

6  to wage continuation under Labor Code § 201-203.

7        101.   Defendants have failed to pay Plaintiff a sum certain at the time of Plaintiff's

8  termination, and have failed to pay those sums for thirty (30) days thereafter.  Pursuant to the

9  provisions of the Labor Code § 203, Plaintiff is entitled to wage continuation in the amount of

10  Plaintiff's daily wage multiplied by thirty (30) days.

11        102.   Additionally, as a result of Defendants' wrongful failure to pay Plaintiff amounts

12  due, Plaintiff is entitled to recover prejudgment interest on this unpaid amount pursuant to Labor

13  Code § 218.6 and Civil Code § 3289, as well as reasonable attorneys' fees and costs pursuant to

14  Labor Code § 218.5.

15

16                              **PRAYER FOR RELIEF**

17        WHEREFORE, Plaintiff prays for judgment, jointly and severally, against Defendants, and

18  each of them, as follows:

19        1.     General and special damages according to proof;

20        2.     Costs of suit incurred herein, including expert fees;

21        3.     Reasonable attorneys' fees per applicable law, including but not limited to pursuant

22  to Government Code § 12965 and Code of Civil Procedure §1021.5;

23        4.     Punitive and exemplary damages;

24        5.     A declaratory judgment that the practices complained of herein are unlawful under

25  California law for which claims are herein pleaded;

26        6.     Injunctive relief, including but not limited to reinstatement;

27        7.     Pre-judgment and post-judgment interest as provided by law; and

28  ///

Keslik, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

17

PLAINTIFF'S COMPLAINT FOR DAMAGES

8.    Such other and further and equitable relief as this Court deems necessary, just and proper, including reinstatement.

DATED:  February 12, 2021          KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By _____
          Douglas N. Silverstein, Esq.
          Michael G. Jacob, Esq.
          Attorneys for Plaintiff ISABELLA LAHHAM

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED:  February 12, 2021          KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By _____
          Douglas N. Silverstein, Esq.
          Michael G. Jacob, Esq.
          Attorneys for Plaintiff ISABELLA LAHHAM

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 41
Los Angeles, CA 90069
Tel: (310) 273-1180